Ernestine L. TURNER, Widow of Merle
Turner (Deceased)

v.

### KENNEBEC RIVER PULP & PAPER COMPANY

and/or

Hartford Insurance Group.

Supreme Judicial Court of Maine.

July 7, 1976.

Wright & MacMichael by Carl R. Wright, James E. MacMichael, Skowhegan, for plaintiff.

Mahoney, Robinson, Mahoney & Norman by Lawrence P. Mahoney, Robert F. Hanson, Portland, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

By their appeal to this Court the employer, Kennebec River Pulp & Paper Company, and its insurance carrier, Hartford Insurance Group, attack, as unsupported by the totality of the evidence, the decision of the Industrial Accident Commission (1) finding that the death of Merle Turner, on May 28, 1972, was in the course, and arose out, of his employment, and (2) awarding compensation to his widow, Ernestine L. Turner.

More specifically, the claim on appeal is that the evidence does not support the conclusion of the Commissioner that the

" . . . activities associated with . . . [Merle Turner's] work on May 28, 1972 strained a previously diseased heart precipitating the acute myocardial infarction which caused his death."

The Commissioner had reached this conclusion after he had made particular findings of fact that:

"During the early morning of May 28, 1972, the boiler had shut down causing all the machines at the mill to shut down. Merle Turner [who was employed as the boiler room fireman] was subjected to considerable physical and emotional stress—physical stress which continued for a period of forty-five minutes until the boiler had re-fired. Shortly thereafter, Mr. Turner experienced severe chest pains."

We deny the appeal.

The Commissioner was entitled to rely on medical evidence adduced that, notwithstanding that the ordinary progression of arteriosclerosis may, by itself, produce a myocardial infarction resulting in death, " . . . there can be a single episode" in which

"an excessive amount of activity may produce a clampdown . . . "

reducing the supply of blood to the heart and causing a myocardial infarction

" . . . which would not have occurred at . . . [the] time if it was just a progression alone."

In addition, the credible evidence concerning the nature of Merle Turner's physical activities to remedy the boiler shut down and the emotional stress to which he was subjected was sufficient to support, as reasonable, the findings of the Commissioner that Merle Turner's work-related activities on this particular occasion were a cause of the acute myocardial infarction leading to his death.

The entry is:

*Appeal denied.*

*It is further ordered that the Appellants, Kennebec River Pulp & Paper Company and/or Hartford Insurance Group, pay to the Appellee, Ernestine L. Turner, Widow of Merle Turner, $550.00 for her counsel fees plus her actual reasonable out-of-pocket expenses of this appeal.*

WEATHERBEE, J., sat at argument and participated in consultation, but died before the opinion was adopted.